UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GIER,

    Plaintiff,

vs                                                      Case No: 13-11684
                                                      Honorable Victoria A. Roberts

COMMISSION OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES
AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (DOC. #23)**

**I.    INTRODUCTION**

Michael Gier ("Gier") filed an Application for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Gier requests $11, 732.00.

For the reasons stated below, the Court **DENIES** Gier's Petition.

**II.    ANALYSIS**

To recover attorney fees under the EAJA, a claimant must satisfy three elements: (1) he must be a "prevailing party"; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723,725 (6th Cir. 2014) (citing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); 28 U.S.C. § 2412(d)(1)(A)).

There is no question that Gier is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993).

With respect to the second element, Gier alleges that the Government's position was not substantially justified because the ALJ failed to properly consider the *res judicata* effect of a prior ALJ decision finding that Gier suffered from 'severe' anxiety, failed to include in her hypotheticals to the vocational expert limitations caused by such 'severe' anxiety, and failed to consider Gier's 'severe' and 'non-severe' impairments in combination. Gier asserts that because the ALJ did not consider the prior ALJ's findings, the Commissioner failed to comply with regulatory and applicable case law.

"The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a "reasonable basis both in law and in fact."' *DeLong,* 748 F.3d at 725-26 (quoting *Pierce v. Underwood*, 48 U.S. 552, 565 (1988)). The Government provides three contentions in support that its position was substantially justified. First, the Government says that because this Court rejected all but one subpart of the magistrate judge's report recommending that the Commissioner's decision be affirmed, a reasonable person could think that its position was substantially justified. The Government also says that the fact the magistrate judge agreed with the Commissioner should be accorded significant weight.

Second, the Government argues that although the ALJ erred at step two, Gier's mental condition was properly addressed when determining his residual functional capacity (RFC). Furthermore, a reasonable person could conclude that the *Drummond* error *(Drummond v Comm'r of Soc. Sec.,* 126 F. 3d 837, 842 (6th Cir. 1997)) ("[a]bsent

2

evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ") found by this Court, was harmless since the prior ALJ's findings were also that Gier was not disabled.

Finally, the Government says that this Court's finding that the evidence did not establish Gier's disability also supports a finding of substantial justification. The Government contends that this Court issued a remand primarily on procedural grounds, and only after concluding the ALJ did not adequately discuss Gier's mental impairments at subsequent steps of the sequential-evaluation process. ALJ VanderHeide did consider Gier's mental conditions at the third step of the analysis, but focused only on his physical limitations when determining that Gier had acquired work skills from past relevant work and therefore, could engage in another occupation. Although ALJ VanderHeide did not adequately address Gier's mental impairment, the Government argues that the Commissioner had a reasonable basis to conclude that ALJ VanderHeide did. The Government says that in assessing Gier's RFC, ALJ VanderHeide recounted Gier's testimony about his depression and anxiety, listed three medications that he had taken for his depression, listened to three prior hearing tapes, and "read and considered" the function reports Gier filled out. Therefore, the Government contends that a reasonable person, in this case the Commissioner, could have concluded that ALJ VanderHeide said enough since she addressed Gier's mental conditions at several points when determining RFC. The Court agrees.

The substantial justification of the Government's position turns on whether the ALJ's failure to consider Gier's non-severe limitations in Gier's RFC was so erroneous that it was contrary to both law and fact. This Court finds that the ALJ's decision was

substantially justified. This Court issued a Sentence Four remand finding that ALJ VanderHeide erred in finding that Gier's mental condition had substantially improved and by failing to mention Gier's mental condition, specifically his 'non-severe' impairments in combination with his other conditions at the fourth or fifth step of the sequential five-step process.

On August 18, 2007, ALJ Sasena issued a decision finding that Gier had a severe mental impairment but only mild functional restrictions relying solely on a report from Dr. Sharon Ridela-Mehlos, Ph.D., ("Dr. Ridela-Mehlos") a consultive examiner who examined Gier on April 5, 2004.  On March 20, 2012, ALJ VanderHeide considered three treatment sources in determining that Gier did not have a severe mental impairment, including the report from Dr. Ridela-Mehlos. The Court reviewed the two reports that are not mentioned in ALJ Sasena's finding and determined that these reports support a finding that Gier's mental condition had not improved. The first report by Dr. Kaniowski said that Gier was taking medication for anxiety during 2008 and 2009. The second report by Elizabeth Leon, LMSW, ("Elizabeth Leon") says that from October 2006 through 2007, Gier participated in a sixteen session program for anxiety and depression. The Court found that ALJ VanderHeide gave the second report by Elizabeth Leon very limited weight despite its evidence of the fact that Gier's mental condition had not improved. Thus, the Court found insufficient evidence to justify ALJ VanderHeide's finding that Gier did not have a severe mental impairment. The Court further held that principles of *res judicata* apply and ALJ VanderHeide was bound by ALJ Sasena's earlier finding that Gier did have a severe mental impairment.

Next, the Court held that Magistrate Judge Grand erred in applying the harmless error standard to ALJ VanderHeide's findings after she failed to consider Gier's mental impairment was severe at step two of the five-step analysis. The harmless error standard does not apply when it isn't clear that non-severe limitations were sequentially considered, in this case at the fourth and fifth steps of the analysis.

The Court finds that the Government has sufficiently met its burden to prove that its position was substantially justified. The sole reason for remand was for clarification of the combined effect of all of Gier's impairments on his ability to work.  Thus, a remand issued for clarification of the effect of Gier's 'severe' and 'non-severe' limitations to determine his RFC may have still rendered a finding of non-disability or denial on appeal. Based on the record, the Commissioner could have reasonably determined that ALJ VanderHeide's finding had a "reasonable basis both in law and in fact." The Court's earlier determination that ALJ VanderHeide failed to adequately explain her findings does not establish that the Government's position lacked substantial justification. *DeLong* 748 F.3d at 727. Furthermore, "a fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position." *Id.* The Sixth Circuit has held that "[remand] alone is not a proper basis for the allowance of fees and expenses under the EAJA." *Id.* at 726 (citing *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)).

### III.   CONCLUSION

For the above reasons, Gier's application for attorney fees and costs under EAJA is **DENIED**.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 25, 2016

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 25, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |